UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE FITTS,<br><br>              Plaintiff,<br><br>    v.<br><br>UNUM LIFE INSURANCE COMPANY<br>OF AMERICA,<br><br>              Defendant. | Civil Action 98-00617 (HHK) |

**MEMORANDUM OPINION**

Plaintiff Jane Fitts and defendant Unum Life Insurance Company of America ("Unum") have reached a settlement agreement calling for the Court to determine the amount of reasonable attorneys' fees to which Fitts is entitled. Before the Court is Fitts's motion for attorneys' fees and costs [#211]. Upon consideration of the motion, the opposition thereto, the declarations and other submissions in support of both parties' positions, and the record of the case, the Court concludes that Fitts is entitled to $1,176,508.62 in reasonable attorneys fees and costs, an amount that is fifteen percent less than she has requested.

**I. BACKGROUND**

This case has been in the federal judicial system for over ten years. The litigation has involved substantial discovery, an evidentiary hearing, two appeals to the U.S. Court of Appeals for the District of Columbia Circuit and three memorandum opinions by this Court. The opinions of this Court, *Fitts v. Federal National Mortgage Association*, 191 F. Supp. 2d 67 (D.D.C. 2002), *Fitts v. Unum Life Insurance Company of America*, 2006 WL 449299 (D.D.C.

Feb. 23, 2006), and *Fitts v. Unum Life Insurance Company of America*, 2007 WL 1334974 (D.D.C. May 7, 2007), as well as the opinions of the D.C. Circuit, *Fitts v. Federal National Mortgage Association*, 236 F.3d 1 (D.C. Cir. 2001), and *Fitts v. Unum Life Insurance Company of America*, 520 F.3d 499 (D.C. Cir. 2008), set forth the extensive history of this case. Fitts and Unum, the only defendant remaining in the case, ultimately reached a settlement. The parties stated on the record during an appearance before this Court in October 2008 that they "have agreed that . . . Fitts' attorneys are entitled to attorney's fees under [the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*], and that [the Court] will determine the reasonableness of the amount of fees being sought." Pl.'s Mot. for Att'ys' Fees at 2 (quoting Hr'g Tr. 5:11-15, Oct. 24, 2008).[1]

Fitts seeks $1,384,127.79 in fees and costs. Accompanying her motion are, *inter alia*, records of time her attorneys, of the firm Ford Marrin Esposito Witmeyer & Gleser, L.L.P. ("Ford Marrin"), spent working on her case.[2] Unum contends that the Court should not award Fitts any more than half of the amount she seeks.

---

[1]  ERISA provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party" in an action brought under that statute. 29 U.S.C. § 1132(g).

[2]  Ford Marrin charged different rates over the course of the years during which this case proceeded. From 1998 until February 28, 2002, Ford Marrin charged $400 per hour for work done by partners and $165 per hour for work done by associates. From March 1, 2002 to May 10, 2007, the firm charged $500 per hour for the work of partners and $200 per hour for the work of associates. From May 11, 2007 onward, the firm charged rates between $455 and $570 per partner hour and $200 and $250 per associate hour. Unum has explicitly stated that it does not challenge the reasonableness of any of these hourly rates. The Court accepts the rates as reasonable.

## II. ANALYSIS

**A.     The Court Need Not Make a Prevailing Party Determination.**

Unum argues that Fitts's fees should be reduced because Unum was the "prevailing party" as to most of the claims Fitts initially alleged, whereas Fitts prevailed solely as to the one claim as to which the parties settled. Fitts responds that this argument is irrelevant because Unum has "agreed as part of its settlement with Fitts that Fitts is entitled to recover fees and costs." Pl.'s Reply at 4.

The Court agrees with Fitts. Although Unum's argument might be relevant to a determination of reasonable fees under a civil rights statute, *see Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (stating that the "degree of success obtained" is relevant to reasonable fees following civil rights litigation (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983))), the fees here are awarded, as per the agreement of the parties, under ERISA. The D.C. Circuit has made clear that analysis of such an award is distinct from that under civil rights statutes. *See generally Eddy v. Colonial Life Ins. Co. of Am.*, 59 F.3d 201 (D.C. Cir. 1995) (providing guidance to district courts regarding the decision to award attorneys' fees under ERISA). Although that analysis does call for consideration of "the relative merits of the parties' positions" and "the value of the victory to plan participants and beneficiaries," those factors are part of a determination of whether fees are appropriate at all, not what amount of fees is reasonable. *Id.* at 206. Because the parties have already agreed that Fitts is entitled to fees, to what extent she prevailed is not relevant to the issue currently before the Court.

**B.      Comparison to the Amount of Fees Incurred by Unum is Not Relevant to this Analysis.**

Unum argues that Fitts's fees should be reduced because the amount she seeks is in "gross disproportion" to the amount Unum spent in defending itself in this suit. Unum points out that Fitts requests $400,000 more than Unum paid for its defense. Fitts responds that Unum is a repeat player in ERISA cases, whereas this case was a "one-time event" for Fitts. Pl.'s Reply at 3.[3]

The Court is not persuaded that this disparity is evidence that Fitts's fees are unreasonable. First, Unum has provided no authority to support its contention that the fees and costs it incurred are relevant to an analysis of Fitts's reasonable fees. Second, that Unum regularly engages in litigation under ERISA whereas Fitts has never before done so is significant. It is not surprising that there is a difference between attorneys' fees and costs incurred by these opposing parties. Therefore, the Court will not reduce Fitts's fees based on this argument.

**C.      To Correct for Various Minor Flaws in the Billing Records Submitted, the Court Will Reduce Fitts's Award By Fifteen Percent.**

Unum asks, for a variety of reasons described below, that the Court reduce Fitts's fee award to half of the amount she has requested. Upon review of the billing records Fitts's attorneys submitted, the Court cannot conclude that Fitts's fee request is so wildly unreasonable

---

[3] Fitts also argues that no proportionality requirement exists in ERISA cases. But the authority she cites supports only the proposition that attorneys' fee awards in ERISA cases need not be proportional to the damages awards in those cases. *See Bd. of Trs. of Hotel & Rest. Employees Local 25 v. Madison Hotel, Inc.*, 43 F. Supp. 2d 8, 14 (D.D.C. 1999) ("[I]n ERISA cases, there is no requirement that the amount of an award of attorneys' fees be proportional to the amount of *the underlying award of damages*." (citations omitted) (emphasis added)). Her argument therefore has no relevance to Unum's point about the relation of the fees requested and the cost of its defense.

as to merit such a large reduction. Because several of Unum's arguments have some merit, however, the Court concludes that a fifteen percent reduction in the fee award is appropriate.

### 1. Block Billing

Unum argues that Ford Marrin's records are replete with "block billing," or lumping various tasks together in single entries such that it is "impossible to evaluate the reasonableness of these entries." Def.'s Opp'n to Pl.'s Mot. for Att'ys' Fees at 11 ("Def.'s Opp'n"). Unum has attached to its motion a list of these allegedly problematic entries. *See id.*, Ex. 4 ("Block Billing List"). Unum asserts that the Court should follow the D.C. Circuit's opinion in *Role Models America, Inc. v. Brownlee*, 353 F.3d 962 (D.C. Cir. 2004), by reducing the fees requested by fifty percent. Fitts responds that the records are sufficient to support her award request.

The Court declines to follow *Role Models* here. The picture of egregiously nonspecific billing Unum paints is simply not congruous with the records themselves. Certainly billing entries "must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended." *Role Models*, 353 F.3d at 970 (quoting *In re Olson*, 884 F.2d 1415, 1428 (D.C. Cir. 1989)) (internal quotation marks omitted); *see also Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982) ("Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney."). But "the fee application need not present 'the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney.'" *Concerned Veterans*, 675 F.2d at 1327 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)).

Fitts has attached to her motion dozens of pages of records that include hundreds of billing entries. Unum has found fault on this basis with entries spanning only the last two years of more than a decade of litigation and comprising only six and a half pages total, among them entries the Court does not find problematic.[4] This relatively small fraction of entries is not comparable to the pervasive problems identified in *Role Models*, where the presence of lumped entries was one of several serious impediments to determining the reasonableness of the time billed. *See Role Models*, 353 F.3d at 971-73; *see also DL v. Dist. of Columbia*, 256 F.R.D. 239, 245 & n.12 (D.D.C. 2009) (declining to reduce fees even where "plaintiffs' initial billing records . . . do show some minor instances of block billing" because these instances were "not a serious problem" and "do not appear nearly as egregious as those that have been chastised previously by this Court"); *Smith v. Dist. of Columbia*, 466 F. Supp. 2d 151, 157-58 (D.D.C. 2006) (rejecting a request to reduce fees because of block billing, even though plaintiff's "fee petitions do contain a certain amount of block billing," because the fees were not blatantly unreasonable as in *Role Models* and the block billing was not so extensive as to call into question the overall reasonableness of the request).

The Court acknowledges, however, that some of the entries in Unum's list are less specific than is appropriate. *See, e.g.*, Block Billing List at 5 (listing entries such as "Conf.

---

[4] Several entries in the Block Billing List appear to list more than one task but are more appropriately read as providing detailed explanations of how a single task was accomplished. For example, Unum includes an entry which states that the relevant attorney spent 6.5 hours "[e]diting and revising motion for atty fees" and conducting "[l]egal research re same." Block Billing List at 1. Another states that an attorney spent 6.5 hours "[e]diting and revising MOL declarations, org. exhibits thereto; [c]onferring with [another attorney] re same." *Id.* at 2. The offensive lumping described in *Role Models* is distinguishable; it occurred in entries that included entirely unrelated tasks, some of which were performed on matters unrelated to the case itself. *Role Models*, 353 F.3d at 971.

witness; conf. client; conf. [another attorney]," "Prepare for hearing; review B/P issues; conf. with [another attorney]; conf. client; conf. [another attorney]"). Although, as explained, these are not nearly so pervasive as to merit the significant reduction in Fitts's award that Unum seeks, the Court takes them into account in determining that a smaller reduction is appropriate.

### 2. Inadequate Detail

Unum also argues that a reduction of Fitts's fees by half is appropriate to remedy the lack of specificity of some of Ford Marrin's billing entries. Unum has attached a list of these entries to its opposition to Fitts's motion. *See* Def.'s Opp'n, Ex. 5 ("Inadequate Detail List"). Fitts replies that Unum is "nit-picking" and the Court should not reduce its fees on this basis. Pl.'s Reply at 8-9.

Again, although Unum's point is not entirely devoid of merit, the lack of specificity in some of Ford Marrin's entries are not nearly so egregious as to call for a drastic reduction in fees. In evaluating a request for attorneys' fees, "the ultimate inquiry is whether the total time claimed is reasonable." *Smith*, 466 F. Supp. 2d at 158. Where a court is "outraged" by a high fee petition, it may "scrutinize the fee petitioner's time records with a more demanding eye"; where instead the complexity of a case appears to be in line with the request, a court "must recognize how lawyers work and how they notate their time" rather than demanding exacting detail. *DL*, 256 F.R.D. at 246 (quoting *Smith*, 466 F. Supp. 2d at 158). As noted above, Fitts's case has proceeded over more than a decade and has required repeated briefing of substantive arguments before this Court and the D.C. Circuit. Entries such as "[w]ork on reply to fee application" or "[r]evising and editing appeal brief" provide a basic explanation of how Fitts's attorneys were allocating their time. Inadequate Detail List at 2, 3. The Court does not question that

representing Fitts in this case required an extraordinary amount of time and therefore is not inclined to scrutinize each billing entry to attempt to ascertain precisely what the attorneys were doing during each hour for which they billed.

Despite rejecting the severe remedy Unum seeks, the Court acknowledges that some of Ford Marrin's entries are inadequate. It is clear that records of activities, such as research or meetings, with no description of the subject matter reviewed or discussed are not sufficient. *See Miller v. Holzmann*, 575 F. Supp. 2d 2, 34-36 (D.D.C. 2008). Ford Marrin's billing statements contain a small fraction of entries that meet this description. *See, e.g.*, Inadequate Detail List at 1, 2 (including as complete entries "Confer and emails with client" and "Reviewing and revising"). For this reason, the Court takes this issue into account in determining that some reduction of the fee request is appropriate.

### 3. Other Objections to Particular Entries

Unum also makes a variety of more specific arguments disputing the inclusion of certain kinds of entries, repeatedly insisting that the alleged defects call for a reduction of fees by fifty percent. Although Fitts has objected generally to Unum's "nit-picking" of her application, *see* Pl.'s Reply at 8-9, she has not responded with any specificity to any of Unum's arguments.

Several of these arguments have merit.[5] For example, Unum complains that many billing entries reflect a "duplication of effort and excessive amounts of time" by Fitts's attorneys, pointing to a few instances where two partners billed several hours for work on the same document on the same day. Def.'s Opp'n at 17. The burden is on Fitts to demonstrate "that the

---

[5] The Court does not summarize all of the myriad minor arguments Unum makes in its opposition to Fitts's fee application. Those described herein are the most persuasive, and none the Court has declined to mention merit any further reduction in fees.

matter was appropriately staffed to do the work required efficiently and without duplicative billing," *Blackman v. Dist. of Columbia*, 397 F. Supp. 2d 12, 14 (D.D.C. 2005) (citing *In re Olson*, 884 F.2d 1415, 1428-29 (D.C. Cir. 1989)), and reduction of a fee award to correct for unnecessary duplication of effort is appropriate, *see In re Mullins*, 84 F.3d 459, 467 (D.C. Cir. 1996).

Fitts has failed to address other meritorious points Unum raises. Unum notes that at least one of Ford Marrin's entries bills for time working on a reply brief the day after that document was filed with the Court. The Court will not credit billing entries that are plainly erroneous. Unum further objects to Ford Marrin's including secretarial tasks, such as organizing and updating files, in some entries; it is established that "clerical or secretarial tasks should not be billed at a paralegal rate regardless of who performs them." *Role Models*, 353 F.3d at 973 (quoting *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)). In addition, Unum observes that Fitts did not reduce each attorney's rate by half for time spent traveling despite including entries for trips to and from Washington, D.C. for court appearances. Unum's premise is correct: "[t]he prevailing practice in this Circuit is to compensate travel time at no more than half the standard billing rate." *In re InPhonic, Inc.*, — F. Supp. 2d —, 2009 WL 4895664, at *12 (D.D.C. Dec. 18, 2009) (citing *Miller*, 575 F. Supp. 2d at 30). Unum also objects to the inclusion of some entries for time spent working on claims alleged only against Fannie Mae, a former defendant to this suit against whom Fitts did not prevail and who is not party to the settlement agreement under which attorneys' fees are to be awarded here. Because where "claims do not share a common basis in fact or are not legally related, the court need not award fees if the claims prove unsuccessful," *Goos v. Nat'l Ass'n of Realtors*, 68 F.3d 1380, 1386-87 (D.C. Cir. 1995), to the extent Fitts has

included entries for work unrelated to the claims against Unum, she has not done so appropriately.

For these reasons, the Court believes some reduction based on Unum's arguments is appropriate. But these assertions relate only to a small fraction of Ford Marrin's billing entries. Therefore, the Court will not reduce the amount of the award as drastically as Unum wishes.

### 4. Remedy

Disputes over attorneys' fees "should not be permitted to evolve into exhaustive trial-type proceedings" in part because extensive litigation regarding fees would place an inappropriate burden on district courts. *Concerned Veterans*, 675 F.2d at 1324. It would be a misuse of this Court's time and resources to resolve each minor argument Unum raises and to comb through the hundreds of billing entries at issue to assess whether each hour of work was correctly included in Ford Marrin's billing records. The Court instead follows the established practice of reducing the overall fee request by a reasonable percentage. *See, e.g.*, *Miller*, 575 F. Supp. 2d at 36 (reducing fees by ten percent, and amount the court believed was "reasonable and appropriate," based on ambiguous billing entries and the court's review of the fee application (citing *Role Models*, 353 F.3d at 973)). The complexity and duration of this case make a significant award reasonable. A portion of the entries in the fee application are flawed, however. Therefore, the Court awards fees in the amount of $1,176,508.62, fifteen percent less than the total Fitts requests.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that Fitts is entitled to attorneys' fees and costs in the amount of $1,176,508.62. An appropriate order accompanies this memorandum opinion.

Henry H. Kennedy, Jr.<br>
United States District Judge